[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO STRIKE
Although Connecticut's Appellate Courts[1] have not decided whether a claim of a loss of filial consortium states a cause of action, the Supreme Court has recently refused to recognize a CT Page 10704 similar cause of action of a claim of a loss of parental consortium.
In Mendillo v. Board of Education, 246 Conn. 456, ___ A.2d ___ (1998), the Supreme Court declined to recognize a claim for loss of parental consortium: "We decline, however, to recognize a derivative cause of action for loss of parental consortium by a minor child." Id., 461. The court reasoned that "[a]though we have never specifically said so, our cases suggest that the imposition of third party liability on a tortfeasor is an exception to the general rule of the scope of tort liability that requires satisfaction of a special policy inquiry." Id., p. 480. "Our reluctance to recognize causes of action in tort based on third party liability, in the absence of satisfaction of a special policy inquiry, is based in part upon our realization that the scope of the tortfeasor's third party liability, measured only by pure rules of foreseeability could lead to unlimited liability." (Internal quotation marks omitted.) Id., p. 482.
"We conclude . . . that the general rule of limiting the tortfeasor's liability to the person directly harmed should prevail . . . We reach this conclusion primarily on the basis of: the fact that recognition of the cause of action would require arbitrary limitations; the additional economic burden that recognition would impose on the general public; the uncertainty that recognition would yield significant social benefits; the substantial risk of double recovery; and the weight of judicial authority." Mendillo v. Board of Education, supra,246 Conn. 484-85.
Moreover, the Supreme Court noted that "if we were to recognize the claim . . . we would have to impose arbitrary limitations on the scope of the cause of action in order to avoid the creation of a practically unlimited class of potential plaintiffs." Mendillo v. Board of Education, supra,246 Conn. 485. Counts three[2] and six[3] of the plaintiffs' amended complaint assert a claim of a loss of filial consortium.
Therefore, based on the foregoing, the defendant's motion to strike counts three and six of the plaintiffs' amended complaint is granted.
GILL, J. CT Page 10705